# DUBOIS *a.* BUDLONG.

*New York Superior Court ; At Chambers, January,* 1863.
*Again ; General Term, February,* 1863.

NUISANCE.—SLAUGHTER-HOUSE.—FAT AND OFFAL BOILING.—IN-
JUNCTION.—ANSWER.—DENIAL OF EQUITIES.

Occupying real property in cities as a hog-yard, slaughter-house, and fat-and-offal-
boiling house is *prima facie* a common nuisance ; the presumption may be rebutted
by showing that the business is so conducted and carried on as not to endanger
the health, or interfere with the comfort of the neighboring inhabitants.

Where the plaintiff moves for an injunction, and offers no security for defend-
ant's damages, the court will require the plaintiff to make out a case free from
all reasonable doubt, and especially so where the injunction asked would stop
defendant's entire business.

In analogy to the practice of the late Court of Chancery, an injunction will be
dissolved upon the coming in of the answer of defendant denying the whole
merits and equities of the complaint. An exception to this rule exists in such
cases as demand immediate relief to prevent irreparable injury ; in those in-
stances the granting or refusal of injunctions rests in the sound discretion of the
court.

I. *January,* 1863.—Motion for an injunction restraining the
defendants from continuing and maintaining a hog-yard,
slaughter-house, and fat-boiling house, and forbidding them
from herding or slaughtering hogs on their premises in New
York city, and from boiling offal thereon.

This action was brought by Henry Dubois and others against
Jenks Budlong and others. The complaint alleged that the
plaintiffs reside adjacent to the defendants' premises ; that the
neighborhood was densely inhabited, and that Forty-second-
street was a public and crowded highway. That in May, 1862,
the defendants commenced maintaining, and had since main-
tained upon their premises, a hog-yard, slaughter-house, and fat-
boiling house ; that they kept large herds of hogs which were
frequently kept over night and for several days at a time ; and
finally slaughtered and cut up, and their entrails put into bar-

rels, and afterwards into vats and boiled by steam; that the straw and bristles were burnt on the premises. That by reason of this business a noisome stench was engendered which pervaded the atmosphere for several blocks adjacent, entered into closed windows, producing sickness and discomfort. That a smutty smoke arose from the business, filling the air and soiling the apparel. It was further alleged that by reason of the premises the plaintiffs were greatly injured and damaged, the health and comfort of their families impaired, and the value of their property depreciated. It was further alleged that the maintenance of such a business was a common nuisance.

*Charles E. Whitehead*, for the plaintiffs.

*John Sessions*, for the defendants.

MONELL, J.—The occupation of the defendants' buildings for the business and purposes charged in the complaint is undoubtedly *prima facie* a common nuisance, and any person injuriously affected by it may apply to have it abated. (Catlin *a*. Valentine, 9 *Paige*, 573 ; Brady *a*. Weeks, 3 *Barb.*, 157.) But it is only *prima facie* so, and it may be shown that such a business can be so conducted and carried on even in a densely populated part of the city as not to endanger or affect the health or interfere with the comfort of the neighboring inhabitants ; and when this is shown, the presumption is removed, and the business is not a nuisance.

Without noticing the other objections taken by the defendants' counsel, I am satisfied upon the proofs furnished me on this motion, that this is not a case for an injunction *pendente lite*.

The affidavits on both sides are numerous and lengthy, and from the importance of the case, not to the plaintiffs alone, but to others living in the vicinity, they have challenged and received my careful examination.

Every allegation of the plaintiffs constituting the grounds of their complaint, as well as every material allegation of the plaintiffs' witnesses, large numbers of whom have testified on their behalf, are fully met and controverted by the defendants and their witnesses; and I think the clear weight of the evidence is, that the offensive odors of which the plaintiffs chiefly complain, do not proceed from the defendants' premises. It is

in proof that no less than twenty other similar establishments are in operation within the distance of four blocks of the plaintiffs' residences, of which one in particular on Fortieth-street, is testified to as being very offensive, and at times filling the atmosphere for a great distance with a noxious stench.

A large number of the defendants' witnesses, who have personally and frequently examined their premises, and into the manner of conducting their business, say that the defendants have adopted all known improvements for cleanliness and for preventing as far as it is possible the escape of any unpleasant effluvia into the surrounding atmosphere. From these proofs and others in the case, I am satisfied, that so far as it is possible to conduct such a business, and to render it inoffensive to the neighborhood, the defendants by the free and constant use of water, and the exercise of great vigilance and watchfulness over their workmen and business, have endeavored to do so, and that they are not chargeable, as the proofs now stand, with maintaining either a public or private nuisance.

I have come to the conclusion to refuse an injunction in this case with some reluctance. In a great city like this, a business so disagreeable as that of the slaughtering of animals; a business so offensive to the senses of many, and which must, from necessity, more or less, as the business is properly or improperly conducted, render its proximity to any neighborhood very undesirable; such a business ought not to be carried on in the populous parts of the city. More especially, when connected with slaughtering is the act of burning bristles and boiling offal. But until the Legislature provide a remedy, or until the fact of a nuisance is established by proof, it would be wrong to restrain a lawful calling merely because it does or might offend the senses of some.

Had a preliminary injunction been asked for, and had the plaintiffs furnished the security required by law to indemnify the defendants against loss if the injunction should not ultimately be sustained upon a motion to dissolve, it would have presented a somewhat stronger case for restraining the defendants until the trial of the action. If I should allow an injunction now, the defendants would be without an indemnity for their loss should they, at the trial, succeed in their defence.

A case, therefore, free from all reasonable doubt, should be

made out, before the court under such circumstances should restrain the defendants' business.

As a speedy trial can be had in this court; and as during the inclement season the continuance of the defendants' business cannot, I think, be offensive to the plaintiffs or to the neighborhood, the injunction *pendente lite* must be refused, until the plaintiffs can establish upon a trial of the action that they are entitled to one.

Motion for injunction denied, with ten dollars costs.

---

II. *February*, 1863.—Appeal from the order entered under the foregoing decision.

*Charles E. Whitehead*, for the appellants.

*John Sessions*, for the respondents.

By the Court.*—Moncrief, J.—It was held in this court in Phœnix *a.* Commissioners of Emigration (1 *Abbotts' Pr.*, 466 ; 12 *How. Pr.*, 1), that "Few points are better settled than this—that a court of chancery will interfere by injunction when the thing sought to be prohibited is *in itself* a nuisance, and *irreparable mischief* will ensue unless the prohibition is granted before a trial at law. If the thing to be enjoined is not noxious of itself, but something which *may*, according to circumstances, *prove to be so*, the court will generally refuse to interfere until the matter has been tried at law."

The learned judge, at the hearing of the motion for an injunction in the present action, found, as a matter of fact, " that every allegation constituting the grounds of the plaintiffs' complaint are fully met and controverted by the defendants; that the weight of testimony is in favor of the defendants; that the offensive odors of which the plaintiffs chiefly complain *do not proceed* from the defendants' premises." This conclusion of fact by the learned court below, if not abundantly supported by the testimony read before it, cannot be said to be contrary to evidence, and, therefore, should not be disturbed upon this appeal. This is decisive against the appellants.

---

* Present, BOSWORTH, Ch. J., MONCRIEF and ROBERTSON, JJ.

It was the rule, in the Court of Chancery, in common cases, to dissolve an injunction, upon the coming in of the answer of the defendants denying the whole merits and equities of the bill. The exception to this rule existed in such cases as demanded immediate relief to prevent irreparable injury, &c., and in those instances the granting or refusal rested in the sound discretion of the court. The reason of the rules still continues.

In my opinion the plaintiffs should have followed the intimation given by the learned justice at the special term, and proceeded to the trial of the action upon its merits; that the mischief complained of is not of a character requiring immediate suppression, might seem to be conceded on their behalf by not doing so; these proceedings appear to have been instituted some time in December last; the order to show cause was dated on the 2d and returnable on the 20th of December, a longer delay than the law required, and the rules (39) of court admitted of a still less delay in being heard upon this motion; the hearing took place on the 13th of January, 1863; there would have been no difficulty in bringing the cause to trial at any month after issue was joined, and upon such trial, if judgment was given in favor of the plaintiffs, ample relief would be afforded to them, and under such circumstances no injustice done to the defendants, their business, or property.

The order appealed from is correct and should be affirmed.