Miller, J.
[After reciting the facts.]—We think that the charge was erroneous and not warranted by the facts presented upon the trial. The defendant had erected a building and stored materials therein, which from their character were liable to and actually did explode, causing injury to the plaintiff. The fact that the explosion took place tends to establish that the magazine was dangerous and liable to cause injury to the property of those residing in the vicinity.
The legality of works of this description must depend upon the neighborhood in which they are situated. In a city, with buildings immediately contiguous, and persons constantly passing, there could be no question that such an erection would be unlawful and unauthorized. An explosion under such circumstances, independent of any municipal regulations, would render the owner amenable for all damages arising therefrom. That the defendant’s establishment was outside of the territorial-limits of a city does not relieve the owner from responsibility or alter the case, if the dangerous erection was in close contiguity with *359 dwelling-houses or buildings, which might be injured or destroyed in case of an explosion. The fact that the magazine was liable to such a contingency, which could not be averted, or guarded against, by the greatest degree of care and vigilance, evinces its dangerous character, and might, in some localities, render it a private nuisance.
In such case the rule which exonerates a party engaged in a lawful business, when free from negligence, has no application.
The work does not necessarily constitute a nuisance per se. That depends upon the locality, the quantity, and the surrounding circumstances, and not entirely upon the degree of care used.
In the case at bar it should have been left for the jury to determine whether, from the dangerous character 'of the defendant’s business, the proximity to other buildings, and all the facts proved upon the trial, the defendant was chargeable with maintaining a private nuisance, and answerable for the damage resulting from the explosion.
A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements or hereditaments of another (3 Black. Comm. 216). Any unwarrantable, unreasonable, or unlawful use, by a person, of his own property, real or personal, to the injury of another, comes within the definition stated, and renders the owner or possessor liable for all damages arising from such use (Wood on Nuisances, § 1, and cases cited). The cases which are .regarded as private nuisances are numerous, and the books are full of decisions holding the parties answerable for the injuries which result from their being maintained. The rule is of universal application that, while a man may prosecute such business on his own premises, he has no right to erect and maintain a nuisance to the injury of an adjacent proprietor or of his neighbors, even in the *360 pursuit of a lawful trade (Aldred’s Case, 9 Coke, 58; Brady v. Weeks, 3 Barb. 159; Dubois v. Budlong, 15 Abb. Pr. 445; Weir’s Appeal, 74 Penn. St. 230).
While one class of the reported cases relate to the prosecution of a legitimate business, which of itself produces inconvenience and injury to others, another class refers to acts done on the premises of the owner, which are themselves dangerous to the property and the persons of others, who may reside in the vicinity, or who may by chance be passing along or in the neighborhood, of the same. Of the former class are cases of slaughter-houses, fat and offal boiling establishments, hog sties, or tallow manufactories in or near a city, which are offensive to the senses, and render the enjoyment of life and property uncomfortable (Catlin v. Valentine, 9 Paige, 575; Brady v. Weeks, 3 Barb. 159; Dubois v. Budlong, 35 Abb. Pr. 445; Rex v. White, 1 Burr. 337; 2 Black. Comm. 215; Farrand v. Marshall, 21 Barb. 421). It is not necessary in these cases that the noxious trade or business should endanger the health of the neighborhood. So, also, the use of the premises in a manner which causes a noise so continuous and excessive as to produce serious annoyance, or vapors or noxious smells, or the burning of a brick-kiln from which gases escape, which injure the trees of persons in the neighborhood. Of the latter are those where the owner blasts rocks with gunpowder, and the fragments are liable to be thrown on the premises and injure the adjoining dwelling-houses, or the owner, or persons there being, or where persons traveling may be injured by such use (Way v. Cohoes Co. 3 Barb. 42, affirmed 2 N. Y. 159; Tremaine v. Cohoes Co., Id. 163; Pixley v. Clark, 35 Id. 563). The cases last cited rest upon the maxim sic utere tuo, &c., and where the right to the uiidistui’bed possession and enjoyment of property comes in conflict with the rights of others, that it is better as a matter of public policy that a single *361 individual should refrain from the use of his land for special purposes injurious to his neighbor and to others, than that the latter should be deprived of the use of their property altogether or be subjected to the great danger, loss and injury which might result if the rights of the former were without any restriction or restraint.
The keeping of gunpowder or other materials in a place or under circumstances where it would be liable, in case of explosion, to injure the dwelling-houses or the persons of those residing in close proximity, we think, rests upon the same principle as in the cases last cited, and is governed by the same general rules. An individual has no more right to keep a magazine of powder upon his premises, which is dangerous, to the detriment of his neighbor, than he is authorized to engage in any other business which may occasion serious consequences.
The counsel for the defendant relies upon the case of the People v. Sands (1 Johns. 78), to sustain the defendant’s business was neither a public nor private nuisance. That was an indictment for keeping a quantity of gunpowder near dwelling-houses and near a public street; and it was held (Spencer, J., dissenting) that the facts as charged did not amount to a nuisance, and that it should have been alleged to have been negligently and improvidently kept. It will be seen that the case was disposed of upon the form of the indictr ment; and while it may well be that an allegation of negligence is necessary where an indictment is for a public nuisance, it by no means folloxvs that negligence is essential in a private action to recover damages for an alleged nuisance.
In Myers v. Malcolm (6 Hill, 292), it was held that the act of keeping a large quantity of gunpowder insufficiently secured, near other buildings,, thereby endangering the lives of persons residing in the vicinity, amounted to a public nuisance; and an action would *362 lie for damages where an explosion occurred causing injury. Nelson, Ch. J., citing People v. Sands, (supra), says: “Upon the principle that nothing will be intended or inferred to support an indictment, the court say, for aught they could see, the house may have been one built and secured for the purpose of keeping powder in such a way as not to expose the neighborhood,” and he cites several authorities to uphold the doctrine, that where gunpowder is kept in such a place as is dangerous to the inhabitants or passengers, it will be regarded as a nuisance. The case of People v. Sands, is not, therefore, controlling upon the question of negligence.
Fillo v. Jones (3 Abb. Ct. App. Dec. 121) is also relied upon, but does not sustain the doctrine contended for; and it is there held that an action for damages caused by the explosion of fireworks may be maintained upon the theory that the defendant was guilty, of a wrongful and unlawful act, or of default in keeping them at the place they were kept, because they were liable to spontaneous combustion and explosion. It is apparent that negligence alone in the keeping of gunpowder is not controlling ; and that danger arising from locality where fireworks or gunpowder are kept is to be taken into consideration in maintaining an action of this character.
We think that the request to charge was too broad, and properly refused. The charge should have been in conformity with the rule herein laid down. As a new trial must be granted for the error of the judge in the charge an extended discussion of the last question is not required.
The judgment must be reversed, and a new trial granted, with costs to abide the event.