Beach, J.
The exhibitions given by defendant attract a crowd in front of plaintiffs’ premises at intervals each day, of such size as materially impedes ingress and egress to and from their store, and interferes with the transaction of business in the usual and ordinary way. This, I think, entitles plaintiffs to the relief prayed for against a nuisance. The law is clearly stated in Doellner v. Tynan (38 How. Pr. 176). The learned justice says : “It is well settled, that if any trade or business, otherwise lawful, is carried on in such a manner as to render the enjoyment of life and property uncomfortable, it is a nuisance .... The rule of the common law, that a man shall so use his own as not to interfere, with others, extends to every act as well as to every use, and the mere lawfulness of a trade or calling will not excuse or justify the destruction of or interference with the comfortable enjoyment of his property by another.”
Nothing coirld be more applicable to the case at bar, and the doctrine is amply supported by adjudications in this country and England (Fish v. Dodge, 4 *253 Den. 311; Barrow v. Richard, 8 Paige, 351 ; Gatlin v. Valentine, 9 Paige, 575 ; McKeon v. See, 4 Robt. 449 ; Ross v. Butler, 19 N. J. Eg. 294 ; Rex v. Carlile, 6 Carr. & Payne, 636 ; Ball v. Reg., L. R. 8 Ch. App. 467 ; Benjamin v. Storr, L. R. 9 Com. Pl. 400).
Benjamin v. Storr (above), is most nearly akin. The defendants loaded and unloaded goods into and from vans in the public street, and the vans materially intercepted the light from plaintiff’s shop, and access was obstructed by the horses standing in front of the door. The action was maintained, although the nuisance was a public one, because the plaintiff showed a private and particular injury to himself, beyond that suffered by the public £t large.
The business of advertising is a lawful pursuit, but defendant adds thereto an exhibition for the purpose of attracting attention to advertisements, which brings material damage to the plaintiffs.
A puppet show is not an integral part of defendant’s advertising business, though it may be a useful adjunct. So might be any device calculated to attract public attention. The law would not prohibit, unless the rights of others were seriously infringed. If so, then the use becomes unreasonable, because of the resulting injury.
A lawful business which draws crowds of orderly persons or numbers of carts and carriages is not a nuisance, as is well said in. Ross v. Butler (above.) This may come from thronging customers and business success. The case at bar is different. The defendant employs means outside of its business, which attract and retain a crowd in front of plaintiffs’ store, to their serious detriment. Matters disagreeable, to individual taste, or trivial annoyances, are not subject to prohibition by this court. Many lawful callings, though undesirable and offensive to adjoining proprietors, should not be enjoined. When, however, in them *254 selves, or from the manner in which they are conducted, positive harm is inflicted, and the rights of others are materially affected and impaired, then will the law intervene to prevent a use by one of his own property, which sensibly lessens or destroys the enjoyment by others of their own.
Decree for plaintiffs with costs.