Barrett, J.
The question is whether the defendants are. making a reasonable or an unreasonable use of their premises.; *128 If unreasonable, and a public nuisance results, with special damage to the plaintiff, they should be enjoined.
Great caution should be exercised in this class of cases, and the court should not lightly interfere with the free use of business premises. People have a perfect right to make their windows as attractive as possible, and no one can justly complain of lawful and proper devices to induce custom. Nor can people complain of the inconveniences resulting from business success. There will be crowds and carriages, with bustle, excitement and petty annoyances in the neighborhood of great, successful establishments. Upon the other hand, the tradesman’s use of his premises must be decent and reasonable. He cannot, under cover of the principle which permits the freest and most attractive display of his wares, produce in his shop-windows dramatic performances, puppet shows, or other highly sensational exhibitions, calculated from their peculiar situation and surroundings to draw crowds, amounting almost to a mob, and thus create a public street nuisance. This is not thrift nor legitimate skill, but selfish .disregard of public and private rights. Each case must, of course, stand upon its own special facts, and the courts, as we have said, will discriminate with care, and see to it that where the line is narrow and doubtful, the doubt is thrown in favor of freedom of business use.
Under these rules it seems to me quite clear that the defendants come within the principle which condemns an unreasonable use. The evidence preponderating is that the almost impassable crowds which have blocked up the streets and gravely interfered with entrance into and egress from the plaintiff’s premises have been caused by the defendants? unusual and extraordinary personal exhibition. Their answer is evasive. The crowds were not drawn together by an occasional resort to the window for light; and this pretence but serves to indicate the defendants’ sense of wrong in the real use. Nor is the tu quoque addressed to the plaintiff substantial. The fact beyond question is that these defendants, already somewhat famous as museum attractions, have sought by trails *129 ferring their persons and tonsovial performances to the bay window of a shop in a busy and bustling street, to create an excitement amounting almost to a tumult, under the spur of which the sale of their hair restorative should receive an extraordinary impetus. The end may have been laudable, but the means were certainly unjustifiable.
I feel' bound, therefore, applying well-settled rules of law to the facts as they appear by these affidavits, to condemn the defendants’ use of their premises as unreasonable, and as creating a public nuisance specially injurious and damaging to the plaintiff. The injunction must therefore be granted, on plaintiff filing an undertaking in $2500, to secure the defendants against any damage which they may sustain in case the plaintiff shall fail upon the trial; costs to abide the event.*
Note oh Obstruction op Sidewalks for Business Purposes.
General Rules.] The law of the public street is motion; and any use of a street which materially abridges or obstructs and unreasonably affects an abutting owner’s right of passage and repassage, of ingress and egress to and from his premises, and his enjoyment of light and air from the street, gives to the injured party, in case of special damage therefrom, a right of action against the offending party for the recovery of the damages actually sustained; and this is true even though the abridgment or obstruction be of a temporary character, or made in the pursuit of a lawful business, and to some extent called for by circumstances arising in the course of such pursuit. Greene v. N. Y. Central, etc., R. R. Co., 12 Abb. N. C., 124.
A lawful business will not be enjoined as a nuisance merely because it is undesirable and offensive to adjoining proprietors; but where, in itself or from the manner in which it is conducted, positive harm is inflicted, and the rights of others are materially affected and impaired. *130 then the law will intervene to prevent a use by one of his own property, which sensibly lessens or destroys the enjoyment by others of their own. Jacques v. National Exhibit Co., 15 Abb. N. C., 250.
A building or other structure of a like character erected upon a street without sanction.of the legislature is a nuisance, and the local corporate authority of a place cannot give a valid permission thus to occupy the streets without express power to do so conferred upon them by charter or statute. Ely v. Campbell, 59 How. Pr., 333.
While the law authorizes the owner of lands adjoining a highway to use and occupy it in any manner not inconsistent with the right of passage thereon by the travelling public, yet its permanent occupation by inclosure or cultivation is manifestly inconsistent with such right of passage, and no matter how long continued, can never ripen into a title as against the public, whatever may be the rule as to its effect upon the owner of the soil of such highway. Bliss v. Johnson, 94 N. Y., 235.
A temporary occupation of part of a street or highway by persons engaged in building, or in receiving or delivering goods from stores or warehouses or the like, is allowed from the necessity of the case; but a systematic and continued encroachment upon a street, though for the purpose of carrying on a lawful business, is unjustifiable. People v. Cunningham, 1 Denio, 524.
Examples.] In order to attract attention to its display of panoramic advertisements in a large window in the second story of a building on Broadway, in the city of New York, defendant, at intervals during the day, exhibited a puppet show in the window, thereby attracting and detaining a crowd upon the opposite sidewalk in front of plaintiff’s store, which materially impeded ingress and egress to and from the store, and interfered with the transaction of their business in the usual and ordinary way. Held, that plaintiffs were entitled to have such exhibition enjoined as a nuisance. Jacques v. National Exhibit Co., 15 Abb. N. C., 250.
Where a bookseller in London exhibited effigies of a bishop and tradesman in his window, and thereby attracted a crowd, so that the sidewalk was obstructed, it was held that this was an indictable nuisance, even if the effigies were not regarded as libellous. It appeared that the accused was actuated by revenge, and that the exhibition was not necessary for the bona fide carrying on of his trade. Park, J., said: ‘‘There is no doubt that a tradesman may expose his wares for sale; but he must do it in such a way as by so doing not to cause obstruction 'in the public streets.” Rex v. Carlile, 6 Car. & P., 636.
The defendants, retail dealers in dry-goods, constructed an awning extending the full width of their store from the front of the store to the curbstone of the sidewalk where it rested on iron columns having can *131 vas wings on the sides and other arrangements so as to enable the defendants on wet days to inclose the sidewalks in front of their store for a space of twenty-five feet by seven and one-half feet and use it as a part of their store; they also suspended from the awning goods which hung over a part of the front of the plaintiff’s adjoining premises interfering with access to his building and shutting off light and air to a considerable extent therefrom. Held, that the plaintiff was entitled to an injunction from maintaining such obstructions notwithstanding a permit from the city issued by virtue of a corporation ordinance to exhibit goods, the permit requiring in express terms that the privilege should be exerciséd inside the stoop line in front of the premises and so used as not to interfere or obstruct the rights of the neighbors. If the permit had authorized the process of the defendants, it would have been invalid. Lavery v. Hannigan, 52 Super. Ct. (J. &. S.), 463.
The defendants, who occupied a store on Grand street, in the city of New York, adjoining that of the plaintiff, placed a show-case, sign, and fence extending from their store out upon the sidewalk in such a manner and to such a height as to obstruct the light and obscure the view of the plaintiff’s show-windows, thereby tending to exclude his customers from it and to injure his business. Held, that such acts upon the part of the defendants constituted a nuisance, injuriously affecting the business of the plaintiff, and that the latter was entitled to maintain an action to restrain its further continuance. Hallock v. Schreyer, 33 Hun, 111.
The lessee of a store may maintain an action to compel removal of a show-case placed on the sidewalk in front of his premises so as to shut out the light from his store windows; he is not to be remitted to an action for damages. Ib.
By § 86 of the New York City Consolidation Act (L. 1882, c. 410) the common council are given power “to make ordinances not inconsistent with law and the constitution of this State ... to regulate traffic and sales in the streets, highways, roads, and public places ... to regulate the use of sidewalks ... to prevent encroachments upon and obstructions to the streets, highways, roads, and public places, not including public parks, and to authorize and require the commissioner of public works to remove the same; but they shall have no power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof, during the erection or repair of a building on a lot opposite the same. . . . To regulate the use of the streets and sidewalks for signs, sign-posts, awnings, awning-posts, horse troughs, urinals, telegraph posts, and other purposes.”
Such provisions of the statute do not authorize the common council *132 to grant a license permitting vendors to occupy a certain part of a street every Saturday night from six to twelve o’clock for the sale of their wares; and where vehicles of the parties engaged in selling various kinds of produce were backed up to the walks, and the articles exposed for sale in them, and purchased by the persons standing upon the walks, occasioning an obstruction so great as to prevent the free use and enjoyment of the sidewalk by persons having occasion to pass along them, and preventing the plaintiff, a physician, from approaching or leaving his house with his own vehicle, and incommoding his patients in passing to and from Ms house,—Held, that he was entitled to a mandamus requiring the officers of the city, having supervision of the streets', to interpose and remove the obstructions. People ex rel. O’Reilly v. Mayor, etc., of N. Y., 59 How. Pr., 277.
Under the charter of the city of New York (L. 1870, c. 137), giving the common council power “ to regulate the use of the streets and sidewalks for signs, sign-posts, awnings, awning-posts,” no power is conferred upon the council to authorize the erection and continuance of a wooden shed, called an awning, extending around a corner store so as to form a covering from the building at the height of the store extending to the curbstone in the street, for the benefit of the store-keeper and to protect his goods from injury by the sun in summer; but such erection is a public nuisance which may be- enjoined at the suit of any individual sustaining special injury thereby. Turner v. Jackson, 15 Abb. Pr. N. S., 115.
In Ely v. Campbell, 59 How. Pr., 333, it was held that the superintendent of markets in the city of New York had no right to grant permits or licenses to construct and maintain stands and booths upon the sidewalks of the streets adjacent to Washington Market, from six to eight feet in length, occupying some two feet of the sidewalk, and in some cases extending over the curbs and encroaching on the carriage-way from two to four feet, and located at the corners of the streets, interfering not only with travel on the sidewalks, but impeding the movements of vehicles; and that the commissioner of public works, who was charged by law with the duty of removing obstructions from the sidewalks and streets, could not be enjoined at the suit of the mayor of the city from removing such stands and booths.
A village ordinance against depositing on the sidewalk or in the street any lumber, wood, or other substance which might in any manner obstruct the free passage of the same, held not to apply to a counter, temporarily erected on the Fourth of July for the sale of lemonade, within the inside four feet of the sidewalk, this four, feet of the whole walk having long been occupied for stairways, show-tables, etc., by the owners of adjoining stores; and that the trustees had no right to remove *133 it as an obstruction, although a crowd of customers collected around it, which obstructed passage along the walk. Barling v. West, 29 Wisc. 307.
Where a city ordinance authorizes an owner to construct an awning on the front of his building, provided it is “ securely placed and supported,” the owner is liable for injuries to a passer-by from the falling of the awning, because not properly supported, although the building is at the time in the occupation of a lessee, and the owner is under no covenant to repair. Jessen v. Sweigert, 66 Cal., 182.
In Rex v. Russell, 6 East., 427, it was held that a carrier delivering his goods must do it in such a way as not to cause a nuisance, and having left packages standing in the footpath, he was held indictable.
The defendants, proprietors of a distillery in the city of Brooklyn, were in the habit of delivering their grains remaining after distillation, called slops, to those who came for them, by passing them through pipes to the public street opposite their distillery, wh.ere they were received into casks standing in wagons and carts; and the teams and carriages of the purchasers were accustomed to collect there in great numbers to receive and take away the article; and in consequence of their remaining there to await their turns, and of the strife among the drivers for priority and of their disorderly conduct, the street was obstructed and rendered, inconvenient to those passing thereon. Held, that the defendants were guilty of nuisance. People v. Cunningham, 1 Denio, 524.
The consideration that the teams and carriages were not owned by the defendants, or under their control, does not excuse them, they having, in effect, by the manner of conducting their business, invited these assemblages at the point where the article was delivered, Ib.
Where defendants, carrying on an extensive business as auctioneers, were constantly loading and unloading goods into and from vans from the rear of their premises upon a narrow street, and this intercepted the light from the plaintiff’s adjoining coffee-shop to such an extent that he was obliged to burn gas nearly all day, and access to his shop was obstructed by horses standing in front of the door,—Held, that plaintiff was entitled to maintain an action for damages and an injunction as for a nuisance causing special injury to his business. Benjamin v. Storr, L. R. 9 Com. Pl., 400.
In McCaffrey v. Smith, 41 Hun, 117, an action by the proprietor of a hotel for damages and an injunction against the defendants, liverymen, who caused horses and carriages to stand for hire in the highway adjoining plaintiff’s premises and in front thereof to such an extent as to interfere somewhat with access to the hotel, was sustained notwithstanding an ordinance of the village purported to authorize that portion of the street in question to be used as a stand for hacks, the court holding *134 that the village authorities had no power, as against adjoining owners, to confer upon any persons the right to make use of the highways for any other purpose than passing and repassing without the consent of the owner of the fee.
In Gilbert v. Mickle, 4 Sandf. Ch. 357, the principle that the obstruction of a public street or way in a city by teams, carts, carriages, and the like, continuing constantly and in close succession at a man’s store, warehouse, distillery or other manufactory, although the same be for the purpose of his trade, constitutes a public nuisance which equity, will enjoin, was applied, sustaining an injunction against the mayor of the city of New York from stationing before the door of the plaintiff’s place of business a man bearing a placard in large capitals, “ Strangers,, beware of mock auctions.”
A stagecoach may set down and take up passengers in the street, this being necessary for public convenience, but it must be done in a reasonable time. Rex v. Jones, 3 Campb., 230.
Poles' erected in a street by a duly organized telegraph company are, prima facie, not a nuisance, being permitted by lawful authority; but if they are so constructed as to incommode the public use of the street, and are unnecessary for the transaction of the company’s business, they are a nuisance and their continuance may be restrained in an action by the people. In such case, if the plaintiffs establish that the poles do incommode the public use of the street, in an unnecessary and unreasonable manner, not warranted by the statutes, the plaintiffs will be entitled at least to recover nominal damages, and a nonsuit is improper. People v. Metropolitan Telephone, etc., Co., 11 Abb. N. C., 304. And the action may be maintained by the people. People v. Metropolitan Telephone Co., 33 Hun, 596.
A scaffold hung upon the front of a building temporarily for the purpose of making repairs is not a nuisance, and does not violate a city ordinance prohibiting the hanging of goods or any other things at a greater distance than one foot, as this is directed against goods, etc., which are exposed for sale, or for the purpose of attracting public attention thereto. Hexamer v. Webb, 101 N. Y., 377.
Defendant, for the purpose of removing certain cases of merchandise from his store in the city of New York, placed a pair of skids from a truck across the sidewalk to the steps of the store. After they had been there about three minutes, plaintiff came along tbe sidewalk, and, seeing the skids, attempted to pass around them by the steps, and in so doing slipped upon the steps and was injured. In an action to recover damages,—Seld, that defendant owed no duty to the plaintiff to see that the steps were in an absolutely safe condition for travel, and that she was not entitled to recover. Welsh v. Wilson, 101 N. Y., 254.

 The order entered was that the defendants “ and each of them be, and they hereby are, restrained and enjoined-during the pendency of this action from exhibiting themselves or their hair in or about the show-window of the premises occupied by them at No. 18 West Fourteenth street, New York city.”