CAROLINE BARRICK AND MARY BARRICK, RESPONDENTS,
v. ANNA SCHIFFERDECKER, APPELLANT.

*Action to restrain the continuance of a nuisance and to recover the damages caused by it — being an equitable action, damages down to the time of trial may be recovered — measure of damage for temporary and permanent injuries — it is no excuse that the business is lawful.*

The complaint in this action, brought to restrain the continuance of a nuisance and to recover the damages caused by it, alleged that the defendant created and maintained a nuisance by the erection of an ice-house and the storage of ice therein upon her lot; that one side of the ice-house was within two inches of the brick dwelling-house and store of the plaintiffs, and that the ice injured the walls of their house, and rendered it uncomfortable and reduced its rental and market-value. The action was tried at Circuit, and the judgment appealed from was entered upon the findings of the court and a general verdict in favor of the plaintiffs for damages, the court refusing to grant an injunction.

*Held*, that the plaintiffs were properly allowed to recover damages down to the time of the trial.

That while, if the action had been simply an action at law for damages, this would have been error; yet as the action was for relief, both in law and equity, it was proper for the court to allow a recovery for damages down to the day of the trial, because when a court of equity has once acquired jurisdiction of a case it awards all the relief which the nature of the case demands.

*Madison Avenue Baptist Church v. Baptist Church in Oliver street* (73 N. Y., 95); *Henderson v. New York Central Railroad Company* (78 id., 423), and *Uline v. New York Central Railroad Company* (101 id., 109) followed.

That with reference to the depreciation in the value of the plaintiffs' house, caused by permanent injuries, the measure of damages was the difference on the day of the trial between the market-value of the property, with the injuries, and what it would have been on the same day if free from the injuries.

That some latitude with respect to the periods of time to which witnesses may testify may be given, not by way of modification of the rule, but because approximate and not exact accuracy in evidence is usually the best obtainable.

That, as the jury found upon evidence sufficient to justify their verdict, that the use to which the defendant put her property was a nuisance as to the plaintiffs, it was no excuse that the defendant's business was lawful and carried on with all possible care.

APPEAL from a judgment in favor of the plaintiffs, entered by the direction of the court, and upon its own findings and upon a general verdict rendered at the Albany Circuit in favor of the plaintiffs for damages. The complaint charged that the defendant created and maintained a nuisance by the erection of an ice-house and the storage of ice therein upon her lot, one side of the ice-house being within two inches of the brick dwelling-house and store of the plaintiffs; that the ice injured the walls of their house, rendered it uncomfortable and of less rental and market-value.

*N. C. Moak,* for the appellant.

*H. S. McCall,* for the respondents.

LANDON, J. :

This action is to restrain the continuance of a nuisance, and also to recover the damages caused by it. It is properly, though not necessarily, triable before a jury. (*Cogswell* v. *N. Y., N. H. & H. R. R.,* 105 N. Y., 319.) Their verdict determines whether the nuisance exists, and if so, the amount of damages the plaintiffs have sustained from it. Whether an injunction should be granted is a question for the court. The court must, unless it sets the verdict aside, adopt the facts found by the jury. The practice in this case was substantially right. But as the court refused to award an injunction, and the plaintiffs do not appeal, the question upon the defendant's appeal is simply whether any error has been committed to the prejudice of the defendant in the trial of the case upon the question of damages.

The plaintiff was allowed to recover damages down to the time of the trial. If the action had been simply an action at law for damages, this would have been error. (*Uline* v. *N. Y. C. R. R. Co.*, 101 N. Y., 109, 116.) But as the action was for relief, both in law and equity, it was proper for the court to allow a recovery for damages down to the day of the trial, because when a court of equity once has jurisdiction of a case, it awards all the relief the nature of the case demands. (*Madison Ave. Bap. Ch.* v. *Bap. Ch. in Oliver St.*, 73 N. Y., 95.)

It is distinctly held in *Henderson* v. *New York Central Railroad Company* (78 N. Y., 423), that in an equitable action brought to restrain a continuing trespass and for damages, and in which the injunction was denied, that full damages might be given, not only to the day of trial, but once for all. That such full relief is incident to jurisdiction in equity. In the *Uline Case*, Judge EARL, who dissented in the *Henderson Case*, is very careful in writing the opinion of the court to distinguish between the damages recoverable in such cases when they are brought at law and when they are brought in equity ; and he says that the rule announced in the *Henderson Case* is not in conflict with the rule announced in the *Uline Case*. The propriety of the rule is illustrated by this case. The trial judge after the verdict was asked to award an injunction. He refused, in the exercise of his discretion, and assigned as a reason that the verdict seemed to him to be adequate to compensate the plaintiffs for the damages they had sustained ; and in view of the situation of the two properties, the plaintiffs ought to be left to their remedy in damages.

Now it was competent for the trial court, and was its duty, to give full relief, and because the damages were given down to the trial the court regarded them as full relief. Clearly, if the damages had only been given to the commencement of the action, eight years before the trial, the court of equity, whose jurisdiction it is to do the justice in one action, which in law can only be done in a multiplicity of actions, would have fallen short of the full measure of its duty.

The evidence tended to show that the rental value of the first floor of the plaintiff's house had been impaired by the nuisance. The measure of damage for this loss was the difference in the rental value free from the effects of the nuisance, and with it, during

the period of its continuance. (*Francis* v. *Schoellkopf*, 53 N. Y.,. 152.) Permanent injury was done to the wall of plaintiff's house. by the nuisance. The market-value of the house was depreciated. The plaintiffs were also entitled to recover the difference in the market-value of the house free from the permanent injuries caused by the nuisance and with them. The appellant does not complain of this rule, but claims that she is only liable for the damages, both in depreciation of rent and in market-value of the property, from the time she had notice of the alleged injury until the commence-- ment of the action. No point was made upon the trial respecting notice, and we do not find in the case any evidence respecting it. As the case does not state that all the evidence was returned, we. may well presume that the portion relating to a point not made on the trial is not returned. With reference to the depreciation in value of the plaintiffs' house caused by permanent injuries, since. damages are recoverable down to the day of the trial, the measure. of damages is the difference on that day between the market-value. of the property, with the injuries, and what it would have been on. the same day free from the injuries. Of course, some latitude with respect to the periods of time to which witnesses may testify may be given, not by way of modification of the rule, but because approximate and not exact accuracy in evidence is usually the best. obtainable. Error is alleged in the reception of testimony as to the. value of the house twenty-nine years ago, when the plaintiffs first. purchased it. The cross-examination so explained this testimony that it is impossible to believe that any injury was caused by it.

A witness testified upon his direct-examination that the damages caused by the dampness were $600, but on his cross-examination he explained that he meant that to make the necessary repairs and erections to overcome and exclude the dampness would cost that. sum. The error was cured. We do not discover that the plaintiffs. were permitted to include in the recovery any damages for the probable continuance of the nuisance. One side of defendant's ice- house was within two inches of the plaintiffs' house. The jury have found, upon evidence sufficient to justify their verdict, that the plaintiffs' house was seriously and substantially injured by the ice stored in defendant's ice-house, and that the enjoyment by the plaintiffs. of their house was made inconvenient and uncomfortable ; in brief,.

that the use to which the defendant put her property was a nuisance as to the plaintiffs. It is no excuse that the defendant's business is lawful and carried on with all possible care. The difficulty is that the locality and nature of her business are such that she cannot be truly said to carry it on wholly upon her own premises; she either permits its injurious incidents and consequences to invade the plaintiffs' property, or cannot prevent them. She is liable for this injury. (*Fish* v. *Dodge,* 4 Denio., 311; *Catlin* v. *Valentine,* 9 Paige, 575; *Brady* v. *Weeks,* 3 Barb., 157; *Baptist Church* v. *Schenectady & Troy R. R. Co.,* 5 Barb., 79; *McKeon* v. *See,* 4 Robt., 449; *Campbell* v. *Seaman,* 63 N. Y., 568; *Beir* v. *Cooke,* 37 Hun, 38.)

The precise manner in which the proximity of the ice set natural forces in operation to injure the plaintiffs' property may not have been clearly presented or understood. But enough was presented to justify the jury in attributing the injurious effects to the plaintiffs' property to the injurious causes set in operation by the defendant's business.

We think the judgment should be affirmed, with costs.

INGALLS, J., concurred

LEARNED, P. J.:

The Code, section 3339, says that there is only one form of civil action; that the distinction between actions at law and suits in equity and the forms of those actions and suits have been abolished.

Section 1207 says that where there is an answer, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue. Section 968 says, that an action " for a nuisance " must be tried by a jury. Under these sections I do not see how a distinction as to the rule of damages can be made in two cases, based on the same facts, merely because in one the complaint demands an injunction and in the other it does not.

The relief demanded does not necessarily characterize the action. (*Hale* v. *Omaha Nat. Bk.,* 49 N. Y., 626; *Williams* · v. *Slote,* 70 id., 601.) In the present case the plaintiff might have had an injunction, if the court in its discretion had granted it, and that under section 1207, whether it had been demanded or not in the

complaint. Still, I understand the *Henderson* and *Uline* cases to say that notwithstanding section 3339 a distinction does prevail between "equitable suits" and "actions at law" not merely as descriptive of two classes of rights, but as controlling the damages which may be given. The Court of Appeals say that there is nothing inconsistent between those two decisions. And as they say so, I concur in the foregoing opinion.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs.