### OBRADOWITZ v. ODELL.

(Supreme Court, Appellate Division, First Department.  February 4, 1916.)

INJUNCTION ☞55—SUBJECTS OF PROTECTION.

Plaintiff maintained a manicure parlor on the lower floor of the building; her premises being adjacent to the hallway leading to that portion occupied by defendant, who conducted an employment agency on an upper floor. Bulletins placed on one side of the hallway near the entrance attracted persons interested in obtaining positions mentioned. *Held* that, where the bulletin board was maintained with the consent of the lessor, and no such crowd as to constitute a public nuisance was attracted, plaintiff is not entitled to an injunction or damages; defendant's bulletin serving the same purpose as plaintiff's display window.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 108, 109; Dec. Dig. ☞55.]

Appeal from Special Term, New York County.

Action by Lillian Obradowitz against Edward V. Odell. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Robert L. Luce, of New York City, for appellant.
John Wallace Young, of New York City, for respondent.

McLAUGHLIN, J. The plaintiff leased, for a term of three years from October 1, 1914, a portion of the ground floor of 825 Sixth avenue, where she does hairdressing and manicuring. The premises are on the westerly side of the avenue, 7½ feet in width, and have a show window in front. The defendant has leased for several years, from the same landlord, from year to year, in the same building, one of the upper floors, access to which is reached through a short hall to a flight of stairs, which are just south of and separated from plaintiff's premises by a wall one foot in thickness. The business carried on by the defendant is an employment agency, and with the permission of his landlord he maintains on one side of the hallway, at or near the entrance, a bulletin board of positions to be filled and wages paid. The plaintiff complains of the maintenance of this bulletin board, and alleges it at times attracts a large number of people, which interferes with free access to and from her premises. She brought this action to perpetually enjoin the defendant from maintaining such board, and also for damages. She had a judgment enjoining the defendant, during the term of her lease, from maintaining the bulletin board in its present position, and also for $500 damages. Defendant appeals.

It is sought to sustain the judgment awarding injunctive relief under

---

the authority of Elias v. Sutherland, 18 Abb. N. C. 126, and Jacques v. National Exhibit Co., 15 Abb. N. C. 250; but I think the proof failed to bring the case within the rule laid down in these authorities, and the one recently decided by this court. Shaw's Jewelry Shop, Inc., v. New York Herald Co., 156 N. Y. S. 651 (not yet officially reported). The maintenance of the bulletin board by defendant is not calculated, from its situation and surroundings, to draw a large crowd of people and thus create in a public street a nuisance, or to seriously interfere with access to and from plaintiff's premises, nor does it do so. The purpose of the bulletin board is to attract the attention of persons desiring positions, just the same as goods displayed in plaintiff's show window are for the purpose of attracting would-be customers, and one can no more be said to be a nuisance than the other. The proof fails to show the collection on the sidewalk in front of plaintiff's premises of such a number of people as to seriously interfere with pedestrians, or with customers desiring to enter or leave plaintiff's establishment. The use to which the defendant is putting his premises is not an unreasonable one, and the bulletin board is maintained with the consent of his landlord. There is not a particle of proof which would justify a finding that the plaintiff has been or will be damaged by the maintenance of this board. Before one can be enjoined from using, for a legitimate business, his own property, the proof must clearly establish that the use is such as is calculated to, and does in fact, deprive another of the use of his property, to his damage.

The judgment appealed from is therefore reversed, and the complaint dismissed, with costs. Order to be settled on notice, when the reversal of findings of fact and conclusions of law, and the making of new ones to conform to this opinion will be passed upon. Settle order on notice. All concur.