## ST. JAMES' CHURCH *vs.* ARRINGTON.

[BILL IN EQUITY TO ENJOIN ERECTION OF STABLE AS NUISANCE.]

1. *When equity will enjoin probable nuisance.*—A private stable, near a church, not being necessarily a nuisance; and the probable inconvenience that may result from its use, to the congregation wor-

shipping in the church, not being a mischief of that vast and over-whelming character which authorizes the interference of a court of equity in advance of a trial at law,—the chancery court will not enjoin its erection, at the instance of the corporate authorities of the church, on the ground that it will be a nuisance.

APPEAL from the Chancery Court of Sumter. Heard before the Hon. WADE KEYES.

THE bill in this case was filed in the name of the minister, wardens and vestrymen of St. James' church in the town of Livingston, a body corporate, against Henry F. Arrington, and sought to enjoin the erection of a stable by the defendant on a lot adjoining the church. It alleged, that the defendant was erecting a stable on the south side of the church building, and in close proximity to it, containing sixteen stalls; that said stable would, "of necessity, create a nuisance, so aggravated in its character as, in the opinion of complainants, to militate materially against the welfare and usefulness of said church"; that there were three windows in the church building on the south side, which were necessary to its proper ventilation; that the deposits from the stable, which always accumulate in and about stables, would create an offensive stench during the hot season; that a south wind,—"the point of the compass from which the wind usually comes during the hot season,"—would blow an intolerably offensive odor into the church; that the defendant, in erecting his stable on that site, was actuated by "some capricious whim, or desire to molest the welfare of complainants' church"; and that the erection of the stable, on that site, would be "essentially injurious" to complainants' church. The prayer of the bill was for an injunction, and for general relief.

The chancellor sustained a demurrer to the bill, for want of equity, on the ground that "a stable is not, *per se*, a nuisance"; and his decree is now assigned as error.

T. B. WETMORE, for appellant.—The complainants are a religious institution, and complain of the injury done to the usefulness of their church. An action at law for

damages could only determine the material injury done to their property, and would be outside of, if not antagonistic to, the objects of their incorporation. The moral injury of which they complain, in having the public prevented from attending service at their church, is not the subject of an action at law, but is peculiarly within the preventive justice of the chancery court. As to nuisances which may be enjoined in chancery, see 2 Eden on Injunctions, 271-2; 4 Eng. L. & Eq. 20; 9 Geo. 425; 10 ib. 337; 9 Paige, 575.

T. REAVIS, contra.—A stable, near a church, is not necessarily a nuisance. The established rule is, that if the thing sought to be enjoined is not unavoidably, and in itself, a nuisance, but only something which may become so under certain circumstances, a court of equity will not interfere until the matter has been tried at law.—Ripon v. Hobart, 1 Cooper's Sel. Cases, 333; Ray v. Lynes, 10 Ala. 63; Kirkman v. Handy, 11 Humph. 406; Simpson v. Justice, 8 Ired. Eq. 115; Dargan v. Waddell, 9 Ired. L. 244; Ingraham v. Dunnell, 5 Metcalf, 118; Dana v. Valentine, ib. 8; Charles River Bridge v. Warren Bridge, 6 Pick. 376; Hart v. Mayor, 3 Paige, 213; Bigelow v. Hartford Bridge, 14 Conn. 565; Laughlin v. President, 6 Indiana, 223; Van Winkle v. Curtis, 2 Green's Ch. 422; Pickard v. Collins, 23 Barbour, 444; Gwin v. Melmoth, Freeman's (Miss.) Ch. 505; Randolph v. Rosser, 7 Porter, 238. The statement in the bill, that the stable will, of necessity, create a nuisance, is nothing more than the expression of an opinion.—Coker v. Birge, 10 Geo. 336; 9 Paige, 576. The defendant's motive has nothing to do with the case.—Pickard v. Collins, 23 Barbour, 444.

R. W. WALKER, J.—The jurisdiction of courts of equity, to interpose by injunction in cases of private nuisance, is of comparatively recent growth; and, though it is now well established, it must be admitted, that the control thus assumed over an individual, in the use or enjoyment of his property, is one of the extraordinary powers of the court, and should be cautiously and sparingly ex-

ercised. Both in England and the United States the courts are exceedingly unwilling to interfere, until the nuisance has been established by a trial at law. Unless the nuisance has been previously established at law, it must be "a strong and mischievous case of pressing necessity," to entitle the party to an injunction.—Rosser v. Randolph, 7 Porter, 245–6 ; Ray v. Lynes, 10 Ala. 64.

The general rule upon this subject is thus stated by Lord Brougham, in Ripon v. Hobart, (3 M. & K. 169 ; S. C., 1 Cooper's Sel. Cas. 333 :) "If the thing sought to be prohibited is in itself a nuisance, the court will interfere to stay irreparable mischief, without waiting for the result of a trial ; and will, according to the circumstances, direct an issue, or allow an action, and, if need be, expedite the proceedings,—the injunction being in the meantime continued. But, where the thing sought to be restrained is not unavoidably, and in itself, noxious, but only something which may, according to circumstances, prove so, the court will refuse to interfere, until the matter has been tried at law, generally by an action, though, in particular cases, an issue may be directed for the satisfaction of the court, where an action could not be so framed as to meet the question."

The principle, that the court will not interfere in the first instance by injunction, where the matter complained of is not, *ipso facto*, a nuisance, but may or may not prove so, according to circumstances, was recognized in Ray v. Lynes, (10 Ala. 63,) and, as a general rule, is well established in the equity jurisprudence of the United States. Kirkman v. Handy, 11 Humph. 406 ; Mohawk Co. v. Utica Co., 6 Paige, 554, 563 ; Bell v. Ohio Co., 25 Penn. 161, 175, 182 ; Dana v. Valentine, 5 Metcalf, 8 ; Ingraham v. Dunnell, *ib.* 118 ; Harrison v. Brooks, 20 Geo. 543 ; Laughlin v. President, &c., 6 Indiana, 223 ; Gwin v. Melmoth, Freeman's Ch. (Miss.) R. 505 ; Barnes v. Calhoun, 2 Ired. Eq. 199 ; Van Winkle v. Curtis, 2 Green's Ch. 422 ; 2 Waterman's Eden on Injunctions, note 1, 269, 273–4–5 ; Adams' Eq. 211, note 1, 217–18.

It is true that the general rule, as thus stated, must be taken subject to the qualifications declared by Lord

Brougham in the leading case: "In matters of this description, the law cannot make over-nice distinctions, and refuse the relief merely because there is a bare possibility that the evil may be avoided. Proceeding upon practical views of human affairs, the law will guard against risks which are so imminent that no prudent person would incur them, although they do not amount to absolute certainty of damage. Nay, it will go further, according to the same practical and rational view, and, balancing the magnitude of the evil against the chances of its occurrence, it will even provide against a somewhat less imminent probability, in cases where the mischief, should it be done, would be vast and overwhelming."—Ripon v. Hobart, 3 M. & K. 169; Mohawk Co. v. Utica Co., 6 Paige, 563; see, also, Hinton v. Earl of Granville, 1 Cr. & Ph. 283, 297 ; State v. Mayor, 5 Porter, 279; Bacon v. Jones, 4 M. & Cr. 434; Cory v. Norwich Co., 3 Hare, 593.

A private stable, near a church, does not belong to the class of erections which are unavoidably, and in themselves, nuisances. That it may become a nuisance, is no doubt true; but the question whether or not it will prove to be one, depends, in a great measure, upon its proximity to the church, the manner in which it may be built, the number of horses placed in it, and the degree of care with which it may be kept; and hence it is not susceptible of definite settlement, until the building is completed, and applied to the use for which it is designed.—Kirkman v. Handy, 11 Humph. 406; Dargan v. Waddell, 9 Ired. L. 244.

Whenever it is legally ascertained that it has become a nuisance, a court of equity will protect, by injunction, any party injured thereby. But as, in the present case, it is yet uncertain, and remains to be ascertained from future events, whether or not the erection will become a nuisance, there is no ground for an injunction arresting the further progress of the building, or its appropriation to the use intended. Admitting that there is a strong probability that inconvenience and discomfort may result from the use of the stable; yet the injury apprehended is not of that "vast and overwhelming" character, which would justify a departure from the general rule above stated, which,

as we have seen, denies an injunction in such cases, in advance of a trial at law.—Authorities *supra;* also, Dewitt v. Hays, 2 Calif. 463; Pickard v. Collins, 23 Barb. S. Ct. R. 444.

Decree affirmed.

