# Rouse & Smith *v.* Martin & Flowers.

*Bill in Equity to enjoin Erection of Nuisance.*

1. *Nuisances; jurisdiction of court of equity to restrain.*—The jurisdiction of a court of equity to restrain nuisances rests on the imperative necessity of preventing irreparable injury and a multiplicity of suits at law, and should be cautiously and sparingly exercised. Hence, an injunction against a private nuisance will not be granted on account of a trifling discomfort or inconvenience suffered by the party complaining, but only where there is a strong and mischievous case of pressing necessity.

2. *Same; each case decided upon its own particular facts.*—Where it is sought to restrain by injunction the prosecution of a business or vocation which is lawful in itself, on the ground that it is obnoxious to the health, comfort or convenience of the neighborhood, by reason of disagreeable noises, offensive odors, noxious gases and the like, no general rule can be laid down sufficiently specific and certain to apply to all cases; but each case must be decided upon its own particular facts, the whole question being one largely of degree, to be determined in the light of human experience.

3. *Same; when court of equity will not enjoin.*—Where an injunction is sought to restrain the construction of works which are of such a nature that it is impossible for the court to know, until they are completed and in operation, whether they will or will not constitute a nuisance, the writ will be refused in the first instance. The mere fact of the diminution in the value of complainant's property, or the increased risks of fire, occasioned by the erection of such works upon an adjoining lot, in a town or city, without more, is not sufficient ground for equitable relief.

4. *Same; when court of equity will not enjoin erection of steam gin-house.*—Ginning cotton being a useful business, common to the country, and not necessarily a nuisance, a court of equity will not interfere by injunction to restrain the erection of a building with machinery for ginning cotton by steam, on a lot in a city about eighty-eight feet from the complainant's residence, and separated from it by a public street, when the injury sought to be prevented is merely anticipated, is greatly a matter of speculation, and it is not clearly shown that it is not reasonably possible for the business to be conducted so as not to be a nuisance.

APPEAL from Butler Chancery Court.
Heard before Hon. JNO. A. FOSTER.
VOL. LXXV.

[Rouse & Smith v. Martin & Flowers.]

This was a bill in equity by W. P. Rouse and F. C. Smith against Martin & Flowers; was filed on 21st May, 1884; and the case made thereby is sufficiently stated in the opinion.    On the filing of the bill, a temporary injunction was granted by Hon. John P. Hubbard, Judge of the Second Judicial Circuit, which the defendants moved to dissolve on the denials in the answer, and because the bill was without equity.    On the hearing, the chancellor caused a decree to be entered, sustain-. ing the motion, and dissolving the injunction; and that decree is here assigned as error.

GAMBLE & RICHARDSON and BUELL & LANE, for appellants. (1) The ground of the jurisdiction of a court of equity to re-strain the commission or continuance of a private nuisance, is its ability to afford more complete remedies than courts of law.    It interferes only when there is immediate, pressing necessity for the prevention of an injury, incapable of ade-quate compensation in damages at law, or such as, from its continuous or permanent mischief, must occasion a constant, recurring grievance, which can not be otherwise prevented than by an injunction.    When the thing sought to be restrained is not unavoidably and in itself obnoxious, but only that which may, according to circumstances, prove so, then the court will refuse to interfere until the matter has been tried at law. *Ogletree v. McQuagg*, 67 Ala. 584; *Kingsbury v. Flowers*, 65 Ala. 484; *St. James v. Arrington*, 36 Ala. 548; *Rosser v. Randolph*, 7 Port. 245; *Ferguson v. City of Selma*, 43 Ala. 400; *Dorsey v. Allen*, 39 Am. Rep. 704; *Green v. Lake*, 28 Am. Rep. 378; *Demarest v. Hardham*, 34 N. J. (Eq.) 469; *Ray v. Lynes*, 10 Ala. 64; 3 John. Ch. 287; 2 Dan. Ch. Prac. 1637, and n. 5; 2 Story's Eq. Jur. § 925; *Davidson v.* · *Isham*, 1 Stockton (N. J.), 186.    (2) The allegations upon which they found their title to relief must be direct and posi-tive, clear and unambiguous.—*R. R. Co. v. Lancaster*, 62 Ala. 562; *Read v. Walker*, 18 Ala. 329.    And not upon information and belief.—*Spence v. Duren*, 3 Ala. 253; *Ex parte Reid*, 50 Ala. 444; 1 Dan. Ch. Pl. & Pr. 313; *Adams v. Michael*, 38 Md. 125.    They must set forth fully and particularly the nature and character of the threatened nuisance they seek to restrain; in what it will consist, and their knowledge as to the use, as well as the nature and character of the injury that will result to the parties complaining.—*Thebaut v. Canova*, 11 Fla. 225. (3) The bill must set forth such a state of facts as leave no doubt upon the question of nuisance and of its injurious results; for if there is any doubt upon either of these points, the benefit will be given to the defendant.    A mere allegation of great and apprehended danger is not enough; facts must be stated that

[Rouse & Smith v. Martin & Flowers.]

show it.—*Kingsbury v. Flowers*, 65 Ala. 486; *Walcott v. Melick*, 3 Stock. (N. J.) 205; *Turnpike v. Yuba*, 13 Cal. 190; *Clark v. Lawrence*, 6 Jones (N. C.) Eq. 83; *Cleveland v. Gas Co.*, 20 N. J. (Eq.) 202. (4) The erection on defendant's lot of a two-story wooden house, and its use thereafter as a gin-house, is not a nuisance *per se*, but is a lawful exercise by appellees of their dominion over their property, against which adjoining proprietors can not complain, unless it is shown that, from the peculiar manner of its erection and use, irreparable injury will result to them. This point discussed at length, and following authorities cited: *Rhodes v. Dunbar*, 57 Pa. St. 274; *Dorsey v. Allen, supra; Green v. Lake, supra; Huckenstine's Appeal*, 70 P. St. 102; *Brown v. Piper*, 1 Otto. 42; *Salomon v. State*, 28 Ala. 88; *St. James v. Arrington*, 36 Ala. 546; *Kingsbury v. Flowers*, 65 Ala. 479; 1 High on Inj. (2d Ed.) §§ 787–8; Wood on Nuis. (2d Ed) §§ 796–7.

J. F. STALLINGS and WATTS & SON, *contra.*—(1) Whilst defendants have a right to build on their own property, they have no right to carry on any business there which, by noise. smoke, dust, or noxious or disagreeable smells, disturbs the quiet enjoyment of the adjoining proprietor, or which renders the air of the adjoining proprietor impure or unhealthy. The owner of property must so use it, that he shall not impair his neighbor's right to good health, pure air, or inflict upon him unseasonable noises at unseasonable hours. Whilst mills, or gins, or other manufactories are legal and necessary, it is neither legal nor necessary that they shall be so located as to interfere with the rights of others in the enjoyment of their houses. When, therefore, such mills, gins, or other manufactories create noises that prevent or disturb sleep, or taint the atmosphere with vapors, or smoke, or dust, prejudicial to health, or nauseous to the smell, they constitute nuisances, against which equity will enjoin.—Wood on Nuisances, §§ 497,504; *Catlin v. Valentine*, 9 Paige, 576. Smoke alone may constitute a nuisance.—Wood on Nuis. § 505, and authorities cited in note 7; *Ib.* § 509. Noise alone may create a nuisance.—*Ib.* §§ 611, 613–15; *Ib.* §§ 619–34. The corruption of the atmosphere by the exercise of any trade, or by any use of property that impregnates it with noisome stenches, has ever been regarded as the worst class of nuisances.—*Ib.* §§ 561–3, 598, and note 1 on page 682; *Ib.* §§ 599, 608, 610, 799. (2) A person can not build extensive works and make heavy expenditures of money for the exercise of a trade or business, that will invade the premises of another with smoke, noxious vapors, or noisome smells, to an unwarrantable extent; and then present his expenditures as a reason why he should not be enjoined; neither can he successfully

urge in his defense, that his. trade or business is a *useful one*, *and beneficial* to the community.—Wood on Nuis. §§ 802, 816; High on Inj. § 491.    (3) The allegations of the bill discussed for the purpose of showing, under the authorities cited above, that there is equity in the bill, and that there exists a nuisance to complainants, in their property, and in the comfortable enjoyment thereof, produced by the wrongful act of the defendants.

SOMERVILLE, J.—The appeal is from a decree of the chancellor dissolving an injunction, which had been granted at the instance of the appellants to interdict the appellees from erecting a structure, with machinery for ginning cotton, in proximity to the dwelling-houses of the complainants and certain of their tenants in the city of Greenville.    The nearest point of the proposed gin-house, which is to be a wooden structure, would be within about eighty-eight feet of the dwelling of one of the complainants, on a lot owned by the defendants on the opposite, or south side of a public street.    It is alleged by the complainants that the business of ginning seed cotton by steam-power, as purposed by the defendants, will work irreparable damage to them, by rendering their houses uncomfortable and dangerous for occupation as places of residence, that the hazard of fire will be greatly increased, the noise of the machinery discomfort them, and that the atmosphere will be rendered impure and unwholesome by smoke, dust, small particles of lint-cotton, decaying cotton seed, and other filth necessarily incident to the business, in which much stock will probably be used in hauling with wagons.

The foundation of this jurisdiction of equity, in assuming to restrain nuisances, rests in the imperative necessity of preventing irreparable injury and a multiplicity of suits at law.—*State v. Mayor, etc., of Mobile*, 5 Port. 279 ; 1 High on Inj. § 739 ; 2 Story's Eq. § 925.    It is the exercise of an extraordinary power, which, as was long ago said by this court, should be " cautiously and sparingly exercised."—*Ray v. Lynes*, 10 Ala. 63.    An injunction, therefore, of a private nuisance will generally be granted only where there is a strong and mischievous case of pressing necessity, and not because of a trifling discomfort or inconvenience suffered by the party complaining. *Coker v. Birge*, 54 Amer. Dec. 347, *note*, p. 351 ; *St. James Church v. Arrington*, 36 Ala. 546.

The rule has long been recognized as quite different where the thing sought to be prohibited is *per se* a nuisance, and where it is not unavoidably noxious in itself, but *may* prove so according to circumstances, or otherwise.    In the first class of cases an injunction will ordinarily be granted without waiting

33

for the result of a trial at law. In the second class the court will generally refuse to interfere until the matter has been tried at law.—*St. James Church v. Arrington, supra*; Adams' Eq. (7th Amer. Ed.) 211, note 1.

The cases are numerous where equity has intervened to prevent the carrying on of a business or vocation, although lawful in itself, on the ground of its being obnoxious to the health, comfort or convenience of neighboring residents, by reason of disagreeable noises, offensive odors, noxious gases and the like. 1 High on Inj. §§ 772–73. No general rule can be laid down sufficiently specific and certain to apply to all cases; but, as often said, each case must be decided upon its own particular state of facts, and the whole question must be largely one as to degree, being determined in the light of human experience.

Where the injury complained of is not a nuisance *per se*, but may become so by reason of circumstances—being uncertain, indefinite or contingent—equity, as we have said, will not interfere. So the public benefit will be considered, and when it preponderates over the private inconvenience, no relief will generally be granted.—*Dorsey v. Allen*, 85 N. C. 358, (39 Am. Rep. 704). It is a rule of universal recognition, that in *doubtful cases* an injunction will always be denied, or dissolved on motion when granted *ad interim*. A very strong case must, therefore, be made by the bill, and if there be a reasonable doubt as to the probable effect of an alleged nuisance, either on the proof, affidavits, or on the construction of the facts stated in the bill, there will be no interference until the matter is tested by experiment in the actual use of the property.—Wood on Nuisances, §§ 796–97; 2 Story's Eq. Jur. § 924*a*, NOTE 1; 1 High on Inj. § 788. As said in *Kingsbury v. Flowers*, 65 Ala. 479 " there must be such a clear, precise statement of *facts*, that there can be no reasonable doubt, if the acts threatened are completed, grievous injury will result." Hence, the following rule stated by a recent author : " Where," he says, " an injunction is asked to restrain the construction of works of such a nature that it is impossible for the court to know, until they are completed and in operation, whether they will or will not constitute a nuisance, the writ will be refused in the first instance." 1 High on Inj. § 743. Great caution, he further observes, should always be exercised before interfering with establishments which have a tendency to promote public utility or convenience ; and in cases of this nature, " equity will not enjoin the lawful use of such property in a city, when, by the proper application of scientific appliances and machinery, the evils complained of may be remedied ; and, in such case, the court will go no further than to require such appliances to be used." 1 High on Injunc. § 787; *Green v. Lake*, 54 Miss. 540 (28

[Rouse & Smith v. Martin & Flowers.]

Amer. Rep. 378). And where it is sought to restrain a business establishment, which is not *per se* a nuisance, but only liable to become such by the manner in which it is carried on by the proprietor, the course now generally adopted by the courts is stated to be, to hold the bill until the objectionable results can be remedied by scientific and skillful appliances, at least where the answer discloses that such remedies are practicable. Wood on Nuisances, § 823. But this is a matter resting greatly within the sound discretion of the chancellor.

The law is settled, on sound reasons, that the mere fact of the diminution of the value of complainant's property, or the increased risks from hazard of fire, occasioned by a structure erected by a defendant upon a lot adjoining the complainant's premises, without more, is unavailing as a ground of equitable relief.—2 Story's Eq. Jur. § 925 ; *Morris v. Prudden*, 5 C. E. Green, 530 ; 1 High on Inj. § 788 ; Wood on Nuis. § 511. This is one of the many risks and discomfits naturally incident to town or city life, which persons of prudence can not fail to reasonably anticipate.—*Ray v. Lynes*, 10 Ala. 63.

Smoke, offensive odors, or disagreeable noise and vibration may of course constitute a nuisance so imperiling the comfort of one's existence, his health, or the safety of his property, as to call for injunctive relief at the hands of a court of equity. This is upon the principle, that if one makes an unreasonable or unlawful use of his property, " so as to produce material annoyance, inconvenience, discomfort or hurt to his neighbor, he will be guilty of a nuisance to his neighbor."—*Campbell v. Seaman*, 63 N. Y. 568 (20 Amer. Rep. 567). It it a just sequence of the maxim, *Sic utere tuo ut alienum non lædas.* In determining the question of interference, the court will look at the *facts* which are stated in the bill, giving little or no weight to the mere opinion of the complainant that they will constitute a nuisance, unless such a conclusion clearly follows by proper inference from these facts. So of the denials of the answer, on a motion to dissolve an injunction which may have been granted.—*Catlin v. Valentine*, 9 Paige, 575 (38 Amer. Dec. 567) ; 1 High on Inj. § 790.

Let us briefly apply the foregoing principles to this case. It is clear that the building sought to be erected by the defendants can not be regarded as a nuisance, but only the *use* to which it is to be devoted. This is admitted to be a useful business, which is common to the country, and one which should not be discouraged by too ready an interference by the strong arm of the courts. Taking the facts as alleged in complainants' bill, and discarding all allegations which may properly be regarded as mere matters of opinion, and keeping in view that the injury sought to be prevented is merely apprehended by an-

[Tenn. and Coosa R. R. Co. v. East Ala. R'y Co.]

·ticipation, and must, therefore, be a matter greatly of specula-
tion, we can not say that the chancellor has come to an errone-
ous conclusion. We do not clearly see that it is not reasonably
possible for the business to be conducted so as not to be a nui-
sance. In *Ray v. Lynes*, 10 Ala. 63, this court, upon like
principles, declined to enjoin the erection of a black-smith shop
upon a lot adjoining the dwelling-house of the complainant in
the town of Tuskegee. And in *St. James Church v. Arring-
ton*, 36 Ala. 546, it refused to restrain the erection of a
livery stable in close proximity to a church. It was said by the
court, that, admitting the strong probability that inconvenience
and discomfort might result to the complainants from the use
of the stable, " yet the injury apprehended is not of that ' vast
and overwhelming ' character which would justify a departure
from the general rule above stated, which, as we have seen, de-
nies an injunction in such cases, in advance of a trial at law."
*Kingsbury v. Flowers*, 65 Ala. 479 ; *Green v. Lake*, 54 Miss.
540 ·(28 Amer. Rep. 378) ; *Dorsey v. Allen*, 85 N. C. 358
(39 Amer. Rep. 704) ; 3 Wait's Act. & Def. 703, § 9.

The decree of the chancellor dissolving the injunction must
be affirmed.