# NORTHERN PACIFIC RAILROAD COMPANY *v.* WHALEN.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF WASHINGTON.

No. 156. Submitted March 22, 1893. — Decided April 24, 1893.

A railroad corporation cannot, by the general principles of equity jurisprudence, or by the provisions of the Code of Washington Territory, maintain a suit for an injunction, as for a nuisance, against the keepers of saloons near the line of its road, at which its workmen buy intoxicating liquors and get so drunk as to be unfit for work.

THIS was an action, in the nature of a bill in equity to restrain a nuisance, commenced December 17, 1887, in a court of Kittitass County in the Territory of Washington, by the Northern Pacific Railroad Company against the three county commissioners of that county, twenty-one persons constituting ten partnerships, and twenty-eight other persons, by a complaint alleging as follows :

That the plaintiff was a corporation created by an act of Congress of July 2, 1864, to construct a railroad from Lake Superior to Puget Sound, and was constructing its railroad and a tunnel through and over the Cascade Mountains and at the village of Tunnel City, and had there four thousand employés engaged in constructing its road; and such construction made it necessary to use high explosives, such as dynamite, and machinery run by electricity, steam and compressed air, which required sober, skilled labor.

That the defendants, except the county commissioners, at and near Tunnel City, and along the line of the railroad so being constructed by the plaintiff, "for several months last past, have been running retail drinking and lager-beer saloons, and selling spirituous, malt and fermented liquors to the said employés of said plaintiff; and that the said sales of said liquors to said employés have frequently and continuously caused drunkenness of said employés; and that the said drunkenness incapacitated the said employés, so that they were not able to perform the labor assigned to them, and the labor they were expected to do and for which they were employed; and that the said drunkenness increased the risk and danger incident to the necessary use of the said explosives and machinery, and increased the danger to the employés employed in constructing the road as aforesaid, and to the officers and agents of said plaintiff, and has caused and is causing many of said employés to quit their said employment on account thereof."

That "during the four months last past the said railroad company has employed and transported, in and upon said work at and near Tunnel City, in Kittitass County, about eight thousand men, at an average expense of ten dollars for each man; that about four thousand of said men so employed, for the reason aforesaid, quit and left the work of said plaintiff"; and that the plaintiff, by reason of such sales of liquors to its employés, had been prevented from obtaining and retaining enough employés to complete its road as far as Tacoma during the present year, and would be obliged to continue the work during the coming winter, and at an increased expense of more than $100,000.

That "said saloons have been so conducted, and drunkenness and gambling permitted and carried on to such an extent, that they, the said saloons, have been for months and are now public nuisances, and also a private nuisance in so far as the said plaintiff is concerned; that the superintendents, officers and families thereof are seriously discommoded, discomfited, injured and annoyed by said nuisance; and that said lives of the officers, agents and employés have been endangered, and the said property of the said plaintiff has been diminished and injured in value, in consequence of said sales of liquors and drunkenness caused thereby; and that the said plaintiff, by said saloons and the sale of intoxicating liquors therein to said employés, and said drunkenness and said gambling, has sustained great and irreparable injury."

That "said saloons and the said beer halls have been and are now running, and selling at retail said intoxicating liquors as aforesaid to employés of the plaintiff and others, without a license, and without any right or authority so to do."

That "said saloons during the past have, and will in the future, unless enjoined, continuously and constantly continue to sell said intoxicating liquors to said employés, and constantly and continually permit said drunkenness, and maintain said gambling houses and said public and said private nuisances, to the great injury, danger, discomfiture and annoyance of the said plaintiff and the said plaintiff's employés and the said property of plaintiff."

That the saloons aforesaid were on unsurveyed lands, owned one half by the plaintiff and the other half by the United States, and were run and maintained under licenses issued by the county commissioners without right or authority; that the other defendants intended to apply, and were now fraudulently applying, to the county commissioners for licenses to sell intoxicating liquors at retail, without filing the consent of the owners of the lands, as required by law; that the county commissioners, knowing this, intended to grant such licenses; and that "the granting of said licenses will greatly complicate said matters, and injure and damage said plaintiff, and will deprive plaintiff to a great extent, if not absolutely, of any

remedy against said defendants, and cause the plaintiff great and irreparable damage."

That the defendants were insolvent and unable to respond in damages; that the plaintiff had no adequate remedy at law; and that the granting of an injunction would avoid a great multiplicity of suits.

Wherefore the plaintiff prayed for an injunction to restrain the county commissioners from granting to the other defendants licenses to retail spirituous, malt and fermented liquors, and to restrain the other defendants from selling such liquors at retail, and from running and maintaining the saloons and nuisances aforesaid, and for general relief.

The defendants demurred to the complaint, as not stating facts sufficient to constitute a cause of action. The demurrer was sustained, and judgment rendered for the defendant. The plaintiff appealed to the Supreme Court of the Territory, which affirmed the judgment. 3 Wash. Ter. 452. The plaintiff thereupon, on March 7, 1889, appealed to this court.

*Mr. James McNaught, Mr. A. H. Garland* and *Mr. H. J. May* for appellant.

The allegations in the bill bring the cause within the definition of nuisance, both at common law and under the Code of Washington Territory. These nuisances are shown to be continuous. It is admitted that the appellees are insolvent. All this affords good reason for an appeal to a court of equity.

These nuisances were both public and private in their character, inasmuch as they were an annoyance to, and an interference with, both private and public rights and interests. Code Wash. Ter., §§ 1235, 1243, 1247; *Meyer* v. *State,* 12 Vroom, (41 N. J. Law,) 6. See also c. 50 of this Code, which regulates the proceedings in civil actions for damages, and other remedies. From these provisions it will be seen that it recognizes nuisances both as defined by the common law and by the statute. The statutory remedies were cumulative, but were like those given by the common law and in equity.

The particular nuisances complained of were the result of

the sale of intoxicating liquors, and of the maintenance of gambling houses. A right of action is given by the Code to any one who may be injured by the sale of intoxicating liquors. §§ 2059–2061. These sections may fairly be regarded as *in pari materia* with the other sections already referred to. By fair construction of § 2059 of the Code, the remedy here sought is given; but §§ 605, 606, providing for an action for damages and for other and further relief, and for a writ of injunction when an action at law is inadequate, when considered in connection with § 2059, place this beyond controversy.

And further, it is well settled in general equity jurisprudence, that such jurisdiction exists to prevent a multiplicity of suits; to prevent the continuance of a wrong which cannot be remedied at law; and where the defendants are insolvent and unable to respond in compensation for damages. Story Eq. Jur. §§ 920, 923, 925, 927.

No appearance for appellees.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

The Northern Pacific Railroad Company asks for an injunction against the county commissioners and the other defendants, because the latter, under pretended licenses from the former, keep and maintain gambling and drinking saloons at the village of Tunnel City and along the line of the plaintiff's railroad, and there sell intoxicating liquors at retail to the plaintiff's employés, and thereby make them drunk and unfit to work under their several contracts with the plaintiff, and thus increase the danger to its agents and employés from the use of the machinery and explosives required in constructing its railroad, cause many of the employés to quit its employment, delay and increase the expense of constructing its railroad, seriously annoy its agents and their families, and consequently diminish the value of the plaintiff's property.

It is not alleged that the defendants have conspired or intend to injure the plaintiff's property or business, or to

prevent the plaintiff's workmen from performing their contracts of service. Nor is it alleged that any one of the saloons kept by the several defendants is a disorderly house, which, by reason of noises in or about it, or otherwise, is a nuisance to property in the neighborhood. The whole complaint is based upon the theory that by the general principles of equity jurisprudence, and by the provisions of the Code of Washington Territory, the saloons kept by the defendants severally are, by reason of the sales of intoxicating liquors therein to the plaintiff's workmen, and their consequent drunkenness and incapacity to work, public nuisances, and cause special damage to the plaintiff, to prevent the repetition and continuance of which it is entitled to an injunction.

But the usual, and at the suit of a corporation the only, ground on which, independently of express statute, a court of equity will grant an injunction in a private action for a nuisance is special injury to the plaintiff's property. 3 Bl. Com. 216; *Robinson* v. *Kilvert*, 41 Ch. D. 88; *Georgetown* v. *Alexandria Canal Co.*, 12 Pet. 91, 99. No employer has such a property in his workmen, or in their services, that he can, under the ordinary jurisdiction of a court of chancery, maintain a suit, as for a nuisance, against the keeper of a house at which they voluntarily buy intoxicating liquors, and thereby get so drunk as to be unfit for work.

Nor is there anything in the provisions of the Code of the Territory, cited in behalf of the plaintiff, which enlarges the equitable jurisdiction in this respect.

By that code, a nuisance, other than the obstruction of a highway, or of navigable or running waters, is defined to be " whatever is injurious to health, or indecent or offensive to the senses, or an obstacle to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property "; and again, " unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, offends decency, or in any way renders other persons insecure in life, or in the use of property "; " the remedies against a public nuisance are indictment or civil action

or abatement"; and an action for damages may be brought, and an injunction or abatement obtained, "by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance." Secs. 605, 606, 1235, 1242. As a corporation cannot be said to have life or health or senses, the only ground on which it can obtain either damages or an injunction, under these provisions, is injury to its property.

The code further provides, in section 1247, that all houses of ill fame; "all public houses or places of resort where gambling is carried on or permitted; all houses or places within any city, town or village, or upon any public road or highway, where drinking, gambling, fighting or breaches of the peace are carried on or permitted"; and all opium dens; are nuisances, and may be abated, and the owners or keepers thereof punished. This section is aimed at nuisances which affect the public morals or the public peace, and affords no countenance for a private action, unless by an owner of property, the use or enjoyment of which is specially affected by the existence of such a nuisance in its immediate neighborhood. *United States* v. *Columbus*, 5 Cranch C. C. 304; *Meyer* v. *State*, 12 Vroom, (41 N. J. Law,) 6; *Hamilton* v. *Whitridge*, 11 Maryland, 128; *Inchbald* v. *Robinson*, L. R. 4 Ch. 388.

The Code of Washington Territory contains no enactment, such as exists in some States, declaring all houses or tenements kept for the unlawful sale of intoxicating liquors to be common nuisances, and conferring jurisdiction in equity to restrain them by injunction, at the suit of the district attorney or of a private citizen.

The plaintiff relies on section 2059, which provides that "any husband, wife, child, parent, guardian, employe[r?], or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication in whole, or in part, of such person," as well as against the owner

of the building or premises in which the liquors are sold, if he has leased it with knowledge that such liquors are to be there sold, or has knowingly permitted their sale therein. But this section, creating a new liability, unknown to the common law, is to be strictly construed, and is not to be extended beyond the clear import of its terms; and, as the only remedy which it gives is an action against the seller of the liquor, or against the owner of the place where it is sold, to recover damages suffered by reason of sales to particular persons, it cannot be construed as authorizing an injunction to prevent the use of the building for future sales.

The complaint in this case has no foundation, in common law or statute, in principle or precedent.

*Judgment affirmed.*