## GUS BLASS DRY GOODS COMPANY *v*, REINMAN.

### Opinion delivered February 12, 1912.

1. NUISANCE—REMEDIES OF PROPERTY OWNER.—Every owner of property, whether in fee or for years, has the right to a remedy for the interference with or deprivation of its use or enjoyment, either by the recovery of damages when that affords adequate relief or by the restraining power of the court when damages are irreparable. (Page 290.)

2. SAME—WHO MAY SUE.—Where rights enjoyed by citizens as a part of the public are affected by a nuisance, the authority of the State or

municipality may be invoked by its representative officers either to abate the nuisance or to punish those maintaining it; but where special injury, differing from that sustained by the public, is inflicted upon an individual, he may sue in his own name.   (Page 291.)

3.   Same—what constitutes.—If one uses his property so unreasonably as to annoy, injure or endanger the comfort, repose, health or safety of another in the use of his property, he creates a nuisance, for which the court will grant relief.   (Page 291.)

4.   Same—livery stable.—While a livery stable in a city or town is not a nuisance *per se*, it becomes a nuisance where, by the unreasonable use thereof, it destroys the comfort of the adjoining owner so as to palpably and sensibly diminish or destroy the lawful use of his property. (Page 291.)

5.   Same—defense.—Where a livery stable is a nuisance to adjacent proprietors, it is no defense that the stable is conducted in a careful manner. (Page 292.)

6.   Same—when enjoined.—Before equity will restrain or abate a nuisance, it must be constantly recurring, and from it there must result substantial inconvenience, loss of health, loss of trade, partial but substantial destruction of business or ruin of property or the deprivation of its use and enjoyment to a material extent.   (Page 294.)

7.   Pleading—when demurrer sustained.—In determining whether or not a demurrer to a complaint should be sustained, every allegation made therein, together with every inference reasonably deducible therefrom, must be considered.   (Page 294.)

8.   Nuisance—joinder of several parties.—Where, in a suit to enjoin a nuisance, several parties have a common interest in the injury and in the relief sought, they may join as parties plaintiff.   (Page 294.)

9.   Same—right of corporation to sue.—A corporation may sue to enjoin a nuisance which renders physically uncomfortable and substantially diminishes the ordinary use, occupation and enjoyment of its property by its employees, agents and officers, whose occupancy of its premises is necessary to the conduct of its business.   (Page 294.)

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Charles Jacobson*, for appellants.

1.   A private corporation has the right to have a nuisance abated.   Joyce on Nuisances, par. 442; 108 U. S. 317, 330.

2.   Appellants can be joined as parties plaintiff.   All are similarly injured at the same time and in the same way.   Kirby's Digest, § 6005.

3.   A nuisance may be both public and private.   That which annoys the public generally or invades its rights, constitutes also a private nuisance where specific injury occurs.

Joyce on Nuisances, par. 14; 32 L. R. A. (N. S.) 525; 1 Cal. 426; 40 Ark. 87.

4. It is not necessary to allege negligence. Joyce on Nuisances, par. 18; 1 Cal. 426; 122 N. Y. 18; 18 Minn. 324; 63 N. Y. 568; 92 Ark. 542.

*Watkins & Vinson,* for appellees.

1. Livery stables are not nuisances *per se.* No carelessness nor negligence is alleged. 89 Ark. 175; 85 *Id.* 544; 93 *Id.* 362; 95 *Id.* 545; 108 U. S. 545.

2. The remedy is at law.

FRAUENTHAL, J. This is an action seeking to enjoin the defendants from maintaining a nuisance arising from the alleged wrongful management of a livery stable owned and conducted by them. The complaint contains substantially the following allegations: The plaintiffs are four domestic corporations occupying places of business upon Main Street, in the city of Little Rock; three of them are engaged in the retail dry goods business, and the other in the banking business. The defendants own and conduct a livery, sale and feed stable in a building which is located at the rear of the business houses occupied by plaintiffs, and separated therefrom by an alley twenty feet in width. In the conduct of their business, the plaintiffs employ a great many persons as clerks; a great many persons visit these stores for the purpose of shopping; and in the rear of the stores, and nearest to the defendant's stable, are located their offices where other employees and officials transact part of the companies' business. It is further alleged that the defendants "keep many horses, mules and other stock in their stable, also large quantities of hay, grain, and other highly inflammable material, and that said hay, grain and other inflammable material is stored in the rear end of their building bordering on said alley, and within about twenty feet of the rear end of the stores occupied by plaintiffs, and that by reason thereof plaintiffs' danger from fires is vastly increased and made more hazardous. That an offensive odor and stench from the animals and the droppings pour into their respective places of business and permeate the same, to the great annoyance and discomfort of the members composing said corporations who work therein, as also the employees who la-

bor therein, and of the customers who come there for the purpose of buying goods and other wares, to such an extent as to render them uncomfortable, and at times unfit them for the proper discharge of their duties, and that said annoyance and discomfort is continuing and permanent, and has been continuous, and is greatly injurious to plaintiffs' businesses, it causing an annoyance and discomfort to those desiring to purchase goods, and those waiting upon them as employees, and rendering said buildings unfitted for the purposes for which they are conducted by the plaintiffs." It is also alleged that the plaintiffs have no adequate remedy at law.

The defendants filed a demurrer to the complaint based upon the grounds: (1) that there was a defect in the parties plaintiff; (2) that plaintiffs, who are corporate and artificial bodies, could not maintain an action seeking injunctive relief from the injuries claimed to arise from the alleged nuisance; (3) because plaintiffs showed no special injury sustained by them different from that sustained by the public generally by reason of the alleged nuisance; and (4) because the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, as it is stated in argument, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, in that it failed to allege that the defendants were guilty of negligence in the manner in which they managed and conducted the livery stable. Plaintiffs refused to plead further, and thereupon the complaint was dismissed.

The action instituted by the plaintiffs is based upon their right to be protected in the use and enjoyment of their property, which, it is in effect alleged, is impaired and partially destroyed by the alleged nuisance maintained by the defendants upon adjoining property. The use and enjoyment of property is the chief element which gives to it value; and the deprivation or impairment of such use and enjoyment is in effect a destruction of the property itself. Every owner of property, whether in fee or for years, has the right to a remedy for the interference with or the deprivation of its use and enjoyment, either by the recovery of damages when that affords adequate relief, or by the restraining power of the court when damages are irreparable. The use and enjoyment of one's property may be les-

sened or destroyed by injuries arising from a nuisance. Where the rights enjoyed by the citizens as a part of the public are affected by the nuisance, the authority of the State or municipality may be invoked by its representative officers, either to abate the nuisance or to punish those maintaining it. Where, however, the acts complained of constitute a private nuisance, the individual who sustains special injuries arising therefrom may obtain relief, either by the recovery of damages or by injunction, according to the degree of the injury. Any unwarrantable, unreasonable or unlawful use by a person of his own property, real or personal, whereby it works a special injury to another in the use and enjoyment of his property, will constitute a private nuisance. The same wrongful act and wrongful use of one's property may at once constitute both a public and private nuisance. Where a special injury, differing from that sustained by the public generally, is inflicted by such nuisance upon the individual, then the wrongful act complained of constitutes a private nuisance for which the individual is entitled to a remedy upon a suit brought in his own name. Every one has the right to the reasonable use and employment of his own property; but such use and employment of it is not reasonable if it deprives the adjoining owner of the lawful use and enjoyment of his property. If one uses and employs his own property in such an unwarrantable and unreasonable manner as to annoy, injure or endanger the comfort, repose, health or safety of another in the use of his property, then he creates a nuisance, for which the court will grant relief. A livery stable in a town or city is not necessarily a nuisance; or, as it is often expressed, it is not a nuisance *per se*. It may be, and ordinarily is, both harmless and useful. But if it is conducted or kept or used in an improper manner, if by the unwarrantable and unreasonable use thereof it destroys the comfort of the adjoining owner so as to palpably and sensibly diminish or destroy the lawful use and enjoyment of his property, then the livery stable becomes a nuisance. *Durfey* v. *Thalheimer* 85 Ark. 544; *Dargan* v. *Maddill,* 9 Ired. 244; *Kirkham* v. *Handy,* 11 Humph. (Tenn.) 406; *Shiras* v. *Olinger,* 50 Ia. 571; *Keiser* v. *Lovitt,* 85 Ind. 240; *St. James Church* v. *Arrington,* 36 Ala. 546; *Phillips* v. *Denver,* 19 Col. 179.

There are various trades and occupations which are useful

and even necessary to the existence and growth of towns and cities, but which may be so conducted as to render the use and enjoyment of adjacent property uncomfortable and intolerable, by infecting the air with noisome smells or qualities injurious to health, or by disturbing noises, and thereby constitute a nuisance. Their necessity and usefulness will not justify an improper and unwarrantable use of them whereby another is deprived of the enjoyment of his property. This well recognized doctrine applies to livery stables. If by the prosecution of the business a nuisance is created, it is no defense to say that it is carried on and conducted in a careful and prudent manner. The injury arising from the maintenance of the nuisance is just the same, whether the nuisance is created by the business itself or by the improper or negligent manner in which it is conducted. If the nuisance springs from the business itself, as from a slaughter house or from a glue factory, then it is a nuisance *per se*. If it flows from the improper, unreasonable or negligent manner in which the business is conducted, then it becomes a nuisance. But in either event the complaining party has a right to relief from its discomforting, injurious and baleful effects. As is said in 1 Wood on Nuisances, § 48. "The question of care is not an element in this class of wrongs; it is merely a question of results, and the fact that injurious results proceed from the business under such circumstances would have a tendency to show the business to be a nuisance *per se*, rather than to operate as an axcuse or defense, and the courts would feel compelled to say that under such circumstances the business is intolerable, except so far removed from residences and places of business as to be beyond the power of bestowing its ill results upon individuals or the public."

In the case of *Bohan* v. *Port Jervis Gas Light Co.*, (N. Y.) 9 L. R. A. 711, it is said: "The wants of mankind demand that property be put to many and various uses and employments, and one may have upon his property any kind of lawful business; and, so long as it is not a nuisance, and is not managed so as to become such, he is not responsible for any damage that his neighbor accidentally and unavoidably sustains. * * * But where the damage is the necessary consequence of just what the defendant is doing, or is incident to the business itself or

the manner in which it is conducted, the law of negligence has no application, and the law of nuisance applies."

Negligence is not an essential element to establish a cause of action for damages growing out of a nuisance, or for restraining its maintenance. If the damages necessarily result from acts committed by the defendants, or if they necessarily arise from and are incident to the business conducted by the defendants, the business constitutes a nuisance, and the complaining party is entitled to relief from the injuries arising therefrom, whether they result from negligence or not. The question which then arises is rather whether or not the resulting injuries or damages spring from the business conducted or the acts done, without regard to whether the buisness is negligently conducted or the acts are those of negligence. Joyce on Negligence, § 18.

These principles of law relating to nuisances are well settled and uniformly recognized by the courts. The difficult questions involved, and to be determined in each case, are whether or not the annoyance, discomfort and injury is sufficient in degree to constitute a nuisance, and, if so, whether or not an adequate relief can be obtained by an action for damages, and whether or not the damages are irreparable. It is only in cases where the damages are constantly recurring and irreparable that courts of equity will lend their aid in abating the nuisance or in restraining its maintenance. The right of the complaining party to relief necessarily depends upon the degree of the injury arising from the alleged nuisance, which is chiefly determined by the evidence. The injury and resultant damages flowing therefrom may be great or they may be slight; and the determination of the rights of the complaining party and his remedy must necessarily depend upon the varying circumstances of each case. It is well settled that the injury must not be fanciful or imaginary, nor such as to result in a trifling anoyance, inconvenience or discomfort which may affect those who possess too sensitive a nature or too fastidious a taste. The law is applied only to the normal man, the man of ordinary habits and ordinary sensibilities. The law only takes cognizance of sensible and substantial discomforts and inconveniences. The necessities of the life and growth of towns and cities require the establishment and continuance of certain occupations, business enterprises and works, in the conduct

of which some degree of annoyance and discomfort is necessarily incident. The jurisdiction of a court of equity to afford relief by interfering with a private nuisance, by way of injunction, is based upon the ground of preventing irreparable injury or the multiplicity of suits. The mere diminution in the value of property or of the business by the nuisance, without irreparable injury, will not furnish sufficient cause for equitable relief. The nuisance must be of a constantly recurring and permanent nature; and from such nuisance there must flow injuries causing substantial, tangible and material discomforts and inconvenience, which result in a loss of health, loss of trade, partial but substantial destruction of business or the ruin of property and the deprivation of its use and enjoyment to a material and substantial extent, before a court of equity will interfere by injunction to restrain the maintenance of or to abate the alleged evil. 2 Story's Equitable Jurisprudence, 926; Joyce on Nuisances, § 427; Wood on Nuisances, § 778.

In determining whether or not a demurrer to a complaint should be sustained, every allegation made therein, together with every inference which is reasonably deducible therefrom, must be considered. *Cox* v. *Smith,* 93 Ark. 371. Viewing the allegations of the complaint in this manner, we are of the opinion that it states facts sufficient to constitute a cause of action.

It is contended by counsel for defendant that there is a defect in the parties plaintiff, but we do not think that this contention is well taken. The several plaintiffs own separate properties, and for the actual damages thereto arising from the injuries caused by the alleged nuisance they could not bring a joint suit, but would be compelled to institute separate actions for such damages. This is because their interest in such actions and the remedy therefor would be distinct and separate. But where there is a community of interest by the several parties plaintiff in the relief sought, and where the very injury caused by the nuisance is common to all, then the several parties may be joined as parties plaintiff in the prosecution of the action of injunction founded upon such wrong. Joyce on Nuisances, § 446; 2 Wood on Nuisances 791; *Brady* v. *Weeks,* 3 Barb. (N. Y.) 157.

We are also of the opinion that a corporation may be

entitled to the relief granted by a court of equity against the maintenance of a nuisance which renders physically uncomfortable and substantially diminishes the ordinary use, occupation and enjoyment of its property by its employees, agents and officers, whose presence and occupancy of its premises is necessary to the conduct of its affairs and business.

In the case of *Baltimore & Potomac R. Co.* v. *Fifth Baptist Church,* 108 U. S. 318, Mr. Justice Field, in delivering the opinion of the court, says: ''Private corporations are but associations of individuals united for some common purpose and permitted by the law to use a common name, and to change its members without a dissolution of the association. Whatever interferes with the comforatble use of their property, for the purpose of their formations, is as much the subject of complaint as though the members were united by some other than a corporate tie.'' Joyce on Nuisances, § 442; *Northern Pac. R. Co.* v. *Whalen,* 149 U. S. 157; *First Baptist Church* v. *Schenectady & Troy R. Co.,* 5 Barb. 79.

It follows that the court erred in its ruling in sustaining the demurrer to the complaint. The judgment will therefore be reversed, and this cause remanded with directions to overrule the demurrer, and for further proceedings.