**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: GEORGES MARCIANO,

Debtor,

_____

ART PACK, INC.,

Appellant,

v.

DAVID K. GOTTLIEB, Chapter 11
Trustee for the Estate of Georges
Marciano,

Appellee.

No.    15-56619

D.C. No. 2:15-cv-02109-CJC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 6, 2017
Pasadena, California

Before:  PREGERSON, PAEZ, and BERZON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review the district court's opinion affirming the bankruptcy court's orders allowing appellant Art Pack, Inc.'s proof of claim against the estate of Georges Marciano for $84,918.99.

1. The bankruptcy court acted within its authority, both as a constitutional and as a statutory matter, in liquidating Art Pack's contested proof of claim. Art Pack's proof of claim sought damages arising out of Marciano's malicious prosecution of the company "in an unliquidated amount according to proof."

The Supreme Court has held that bankruptcy courts constitutionally may adjudicate those claims that "stem[] from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Stern v. Marshall*, 564 U.S. 462, 499 (2011). The entire dispute before us arose out of Art Pack's contested proof of claim, and liquidation of Art Pack's claim was a necessary step in the claims allowance process. So, although the bankruptcy court had to apply state common law to determine whether and to what extent to allow Art Pack's claim against Marciano's estate, Article III did not preclude adjudication of Art Pack's claim by a bankruptcy court. *See In re Deitz*, 760 F.3d 1038, 1050 (9th Cir. 2014) (concluding that "even after *Stern*, the bankruptcy court had the constitutional authority to enter a final judgment determining . . . the amount of [creditors'] damage claims against [a debtor]").

Nor is Art Pack's proof of claim a "personal injury tort" claim falling outside the bankruptcy court's statutory core jurisdiction. *See* 28 U.S.C. § 157(b)(2)(B). We need not parse the meaning of "personal injury tort" in any detail because, even if malicious prosecution may in some instances constitute a "personal injury tort," Art Pack is a corporation and thus may only recover for damage to its business. *See Roemer v. Comm'r of Internal Revenue*, 716 F.2d 693, 699 n.4 (9th Cir. 1983), *superseded by statute on other grounds*, Pub. L. 104-188, Title I, § 1605(a), 110 Stat. 1755 ("[A] corporation by its very nature cannot suffer a personal injury. A corporation is a business entity and not a human being; thus, a corporation can only be protected against false statements affecting its trade or business."); *cf. N. Pac. R.R. Co. v. Whalen*, 149 U.S. 157, 163 (1893) (dismissing a corporation's nuisance claim and noting that "[a]s a corporation cannot be said to have life or health or senses, the only ground on which it can obtain either damages or an injunction . . . is injury to its property").

2. The bankruptcy court did not clearly err in concluding that Marciano's malicious prosecution was not a substantial factor in the Mohajeris' decision to sell Art Pack. *See In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004) (stating that appellate courts review "the bankruptcy court's legal conclusions de novo and its factual determinations for clear error"); *see also Phoenix Eng'g & Supply Inc. v.*

3

*Universal Elec. Co.*, 104 F.3d 1137, 1140 (9th Cir. 1997) ("When a trial court adopts a party's proposed findings, the clearly erroneous standard applies, although close scrutiny of the record is appropriate") (internal quotation marks and citations omitted).[1]

The bankruptcy court plausibly concluded that the record proved no causal link between Marciano's lawsuit and Art Pack's sale. *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) (stating that, when applying clear error review, the appellate court must affirm "if the district court's findings are plausible in light of the record viewed in its entirety"). The broker responsible for facilitating the sale of Art Pack understood from the Mohajeris that health problems—which medical records show both pre-dated Marciano's baseless litigation against Art Pack and post-dated Art Pack's sale—and a desire to retire were the driving forces behind the Mohajeris' decision to sell. The bankruptcy court reasonably gave little to no weight to Dr. Mellman's declarations, in light of the limited support provided for many of the declarations' conclusions and the declarations' focus on litigation materials prepared both in this litigation and in the judgment creditors' lawsuits. *See Messick v. Novartis Pharm. Corp.*, 747 F.3d

---

[1]Although the bankruptcy court did not elaborate on its reasoning, it applied the correct legal standard.

1193, 1198–99 (9th Cir. 2014) (acknowledging that, even if a medical expert's report prepared without examination or interview of the subject is in some instances admissible, the factfinder must still determine its weight). On this record, the bankruptcy court did not clearly err in concluding that Marciano's lawsuit played no "more than [a] negligible or theoretical" role in bringing about whatever harm Art Pack subsequently experienced. *See S. Coast Framing, Inc. v. Worker's Comp. Appeals Bd.*, 61 Cal. 4th 291, 298 (2015).

3. Because the bankruptcy court did not clearly err in concluding that Marciano's lawsuit was not a substantial factor in the Mohajeris' decision to sell the business, we do not reach Art Pack's contentions regarding lost profit damages.

4. California law clearly requires that a party seeking punitive damages provide "actual *evidence* of the defendant's financial condition" at the time of trial. *Kelly v. Haag*, 145 Cal. App. 4th 910, 915 (2006) (citing *Adams v. Murakami*, 54 Cal. 3d 105, 119 (1991)). Art Pack did not introduce any such evidence and so, even assuming we may award punitive damages in some bankruptcy cases, we may not award punitive damages here.

5. The bankruptcy judge did not exhibit impermissible bias, as the record before the bankruptcy judge does not "reveal such a high degree of favoritism or

antagonism as to make fair judgment impossible." *In re Marshall*, 721 F.3d 1032, 1043 (9th Cir. 2013) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)) .

6. Art Pack's proof of claim could not have been entitled to prima facie validity regarding the amount of damages Art Pack was owed, as the proof of claim sought compensatory and punitive damages, attorneys' fees, costs, and pre-judgment interest "in an unliquidated amount according to proof." The bankruptcy court properly concluded that the amount of damages was contested once Art Pack and the bankruptcy trustee sought to liquidate the claim for different amounts, according to each party's evidence. *See Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). Under these circumstances, the bankruptcy court did not err in scheduling proceedings to resolve the amount of damages owed to Art Pack.

**AFFIRMED.**